MASTHEAD MAC DRILLING CORP., Masthead Mac Land Corp., Masthead Associates, Inc., David Head, individually and as President of Masthead Mac Drilling and Masthead Mac Land Corp., Plaintiffs,

v.

Edwin FLECK, Arthur Fleck, Howard Zukerman, Baskin & Sears, P.C., MAC Resources, Inc., MKBE Associates, Ltd., and Sun Securities Corp., Inc., Defendants.

No. 82 Civ. 5620 (MEL).

United States District Court,
S.D. New York.

Oct. 26, 1982.

Philips & Mushkin, P.C., New York City, for plaintiffs; Lawrence M. Philips, Victor J. DiGioia, New York City, of counsel.

Shea & Gould, New York City, for defendants Edwin Fleck, Arthur Fleck, MAC Resources, Inc., MKBE Associates, Ltd., and Sun Securities Corp.; Martin I. Shelton, John B. Grant, Jr., New York City, of counsel.

Baskin & Sears, P.C., pro se; Lawrence A. Mandelker, New York City, of counsel.

LASKER, District Judge.

Plaintiff David Head moves for a temporary restraining order and preliminary injunction. Defendants Edwin Fleck, Arthur Fleck, MAC Resources, Inc., MKBE Associates, Ltd., and Sun Securities Corp. move for a stay pending arbitration in accordance with the terms of the written agreements between the parties. The motion for a stay is granted, subject to the appointment of a neutral arbitrator. Because the instant matter is arbitrable, plaintiff's motion for a temporary restraining order and preliminary injunction is moot.

The joint venture agreement signed by Head and Arthur Fleck contains an arbitration clause which provides:

"12. *Arbitration.* It is agreed that disputes arising under this Agreement or any other agreement between the parties or under any instruments made to carry out the terms of this Agreement shall be submitted within fifteen days to Bernard Wollens, 117 Court Street, Brooklyn, New York, who shall act as arbiter. If Mr. Wollens is unable or unwilling to act as the arbiter, due to a conflict of interests or otherwise, it is agreed that the dispute shall be submitted to _____ who shall act as substitute arbiter. The parties agree that any decision of the arbiter shall be final and binding upon the parties."

A similar clause is included in the shareholder agreement between Head, Arthur Fleck, and Masthead Mac Drilling Corp.:

"9. *Arbitration.* In the event that a dispute arises under this Agreement or in the event that there is a stalemate among the members of the Board of Directors with respect to any management decision, such dispute shall be submitted within fifteen days of the occurrence [sic] thereof to Bernard Wollens, 117 Court Street, Brooklyn, New York, who shall act as arbiter. If Mr. Wollens is unable or unwilling to act as arbiter due to a conflict of interest or otherwise, it is agreed that the dispute shall be submitted to Samuel Kisin, 117 Court Street, Brooklyn, New York, who shall act as substitute arbiter. Decision of the arbiter shall be final and binding on the parties."

█ In light of the parties' clear agreement to submit disputes to arbitration, and the "overriding federal policy favoring arbitration," *Carcich v. Rederi A/B Nordic,* 389 F.2d 692, 696 (2d Cir. 1968), plaintiffs' arguments opposing arbitration of the instant disputes are without force. Plaintiffs first contend that this court has no jurisdiction to issue a stay pending arbitration because the business of the corporations formed pursuant to the parties' agreements took place wholly in Texas, and the agreements therefore do not involve interstate commerce as required under 9 U.S.C. § 1. However, while the actual drilling operations are to take place only in Texas, the joint venture agreement involves other matters of an interstate nature; for example, money-raising functions are to be performed in New York, and a limited partnership interest has in fact been sold to members of the law firm of Baskin & Sears in New York. The joint venture is thus a "transaction involving commerce" within the meaning of 9 U.S.C. § 2. *See Metro Industrial Painting Co. v. Terminal Construction Co.,* 287 F.2d 382, 384 (2d Cir.), *cert. denied,* 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961); *Garfield & Co. v. Wiest,* 308 F.Supp. 1107 (S.D.N.Y.) *aff'd.,* 432 F.2d

849 (2d Cir. 1970), *cert. denied,* 401 U.S. 940, 91 S.Ct. 939, 28 L.Ed.2d 220 (1971). Nor is the applicability of the Federal Arbitration Act affected or diluted by the fact that the agreements between the parties specify that they are controlled by New York law. "Even though the ... agreement provides that it be governed by New York law, New York courts, in dealing with arbitration disputes where the contract involves interstate commerce, apply federal, and not state, arbitration law." *Rothberg v. Loeb, Rhoades, & Co.,* 445 F.Supp. 1336 (S.D.N.Y.1978) (Pierce, J.); *see also Becker Autoradio v. Becker Autoradiowerk GmbH.,* 585 F.2d 39, 43 n. 8 (3rd Cir. 1978).

▪ Plaintiffs argue that the defendants, by previously bringing an action in the Supreme Court of New York, have waived their contractual right to arbitration. Under federal arbitration law, however, the commencement of litigation in a judicial forum does not, by itself, constitute a waiver of that right. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lecopulos,* 553 F.2d 842, 845 (2d Cir.1977). In the instant case, defendants commenced the state court action on July 19, 1982, by serving plaintiff Head with a summons, but failed to serve the complaint after Head agreed to repeated extensions of time for doing so. Plaintiffs contend that defendants should not now be heard to argue that the state court action did not proceed far enough to constitute a waiver of arbitration, because the defendants themselves were responsible for the delay in the state proceedings, and plaintiffs have already incurred expenses in bringing this action in federal court. While the plaintiffs' argument is not without force, a waiver of arbitration under federal arbitration law cannot be found without a showing of substantial prejudice to the party asserting waiver. *Carcich, supra,* 389 F.2d at 696. Here, no substantial expenses have been incurred in the state court litigation, and plaintiffs' allegations that expenses were incurred in bringing the instant action do not warrant a finding of waiver, at least not without some indication that these expenses were unusually burdensome. *See Commercial Metals Co. v. International Union Marine Corp.,* 294 F.Supp. 570 (S.D.N.Y.1968).

▪ Plaintiffs also claim that they were fraudulently induced into agreeing to the arbitration provision itself and that that issue is clearly not arbitrable. While it is true that the validity of the agreement to arbitrate is a matter for the court and not for the arbitrator, *Prima Paint v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), the plaintiffs here are not alleging that the agreement to arbitrate itself was induced by fraud, but rather that defendants misrepresented the impartiality of the designated arbitrators by failing to disclose that the arbitrators are or have been business associates of defendants. The connections between the defendants and the named arbitrators do raise troubling questions as to possible bias and the parties agreed at oral argument that the court could appoint a neutral arbitrator if the parties could not agree on a satisfactory substitute arbitrator. Such authority is in any case inherent when the potential bias of a designated arbitrator would make arbitration proceedings simply a prelude to later judicial proceedings challenging the arbitration award. *See Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1067 & n. 2 (2d Cir.1972). Accordingly, the court designates the American Arbitration Association to select an appropriate arbitrator to hear and determine the issues.

▪ Since this action must be stayed pending arbitration, plaintiffs' motion for a temporary restraining order and preliminary injunction is moot. The motion would have to be denied in any event, because plaintiffs have failed to make the necessary showing to support the grant of a preliminary injunction. To obtain such relief, the movant must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Standard & Poor's Corporation, Inc. v. Com-*

*modity Exchange, Inc.,* 683 F.2d 704 (2d Cir.1982); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam).

Plaintiffs have met none of these standards. Both sides claim, among other things, fraud in the inducement of the contracts between the parties, and both desire dissolution of the corporations formed pursuant to those agreements. In light of the fiercely contested factual issues involved, plaintiffs have not shown a likelihood of success on the merits. *See Total Video, Inc. v. Miller,* 526 F.Supp. 561 (S.D.N.Y.1981). Moreover, the balance of hardships cannot be said to point decidedly toward plaintiffs. Here, as in *Total Video, supra,* "it would be a hardship to either party to allow the other to proceed unilaterally prior to a full determination of their relative rights." *Id.* at 563.

Finally, the plaintiffs have not made a showing of irreparable injury. The plaintiffs' claimed injuries can be adequately compensated by money damages, and defendant Edwin Fleck's affidavit shows that he and his brother, defendant Arthur Fleck, have a net worth of $10,000,000, which is more than adequate to secure payment of a judgment should the plaintiff prevail.

Defendants' motion to stay this action pending arbitration is granted. The parties are directed to take all necessary steps to submit the issues to the American Arbitration Association for appointment of an arbitrator. Plaintiffs' motion for a preliminary injunction (or temporary restraining order) is denied.

It is so ordered.