(December 7, 1982)

■ In the Matter of the Arbitration between RIVERBAY CORPORATION, Operating Co-op CITY, Appellant, and LOCAL 32-E, S.E.I.V., AFL-CIO, Respondent. — Order, Supreme Court, Bronx County (Callahan, J.), entered February 19, 1982, granting (i) the branch of the motion to confirm Schifano's reinstatement, and (ii) the branch of the cross motion to remand the matter for a clarification of the award, unanimously reversed, on the law, motion to confirm the award denied and cross motion to vacate the award granted, without costs. Under a collective bargaining agreement between the parties, the following issue was submitted to the arbitrator: "Did the Company have just cause for the discharge of Dominick Schifano and in any event what shall the remedy be?" The uncontradicted evidence at the hearing indicated that Schifano had been absent without explanation on 137 days in the 1980-1981 period. This same evidence also showed that he had been late on 11 days in 1980. In the first five months of 1981, Schifano had been late eight days and had left early on six days. Despite this overwhelming evidence supporting the discharge of Schifano, the arbitrator found that there was not "just cause" for the discharge. The arbitrator stated, inter alia, that "management may not, following a practice of tolerance and indifference drastically penalize an employee without clear and unequivocal warning of its revised standards." Special Term confirmed Schifano's reinstatement but remanded the matter for a clarification of damages. Upon appeal, the Riverbay Corporation contends that the arbitrator "exceeded his power" in making his award. (CPLR 7511, subd [b], par 1, cl [iii].) The law is clear that a mere error committed by an arbitrator as to questions of fact or law is insufficient to establish that excess of power necessary to vacate an award. (*Matter of Granite Worsted Mills [Aaron-*

*son Cowen, Ltd.*], 25 NY2d 451, 455, remittitur amd 26 NY2d 842.) However, an arbitrator does exceed his power when he gives a totally irrational construction to the contractual provisions in dispute and, thus, makes a new contract for the parties. (*Matter of National Cash Register Co.* [*Wilson*], 8 NY2d 377, 383.) In this proceeding, the arbitrator, in effect, made a new contract for the parties by finding that Riverbay was required to give a "clear and unequivocal warning of its revised standards" before it discharged Schifano for cause. The contract does not require that any warning be given. Since the arbitrator exceeded his power in requiring such a warning, his award must be vacated. Parenthetically, it should be noted that the evidence at the hearing suggested that Schifano had received at least one of the warning notices served by Riverbay. The arbitrator also alluded to the possibility that Schifano had been terminated because of a "current incident". This "current incident" was apparently an instance in which Schifano had been found playing cards while on duty. Although he could have been disciplined for this "incident", Riverbay chose to overlook it. This decision upon Riverbay's part does not show that it acted without "just cause" in discharging Schifano for excessive absenteeism. Concur — Murphy, P. J., Sullivan, Ross, Bloom and Milonas, JJ.