■ In the Matter of the Arbitration between Albany County Sheriff's Local 775 of Council 82, AFSCME, AFL-CIO, on Behalf of Garrett Hughes, Appellant, and County of Albany et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered August 1, 1983 in Albany County, which denied petitioner's application pursuant to CPLR 7510 to confirm an arbitration award, and vacated the award. ¶ In this appeal by a labor union, we are today required to examine an arbitration award to determine whether Special Term correctly found that the arbitrator violated the constraints of CPLR 7511 (subd [b], par 1, cl [iii]) by exceeding his power and imperfectly executing the award. From the record, it appears that Garrett Hughes, a correction officer at the Albany County Jail, sustained a leg injury on July 11, 1978 while restraining an inmate. He was absent for some 33 weeks, returning to light duty from March, 1979 until December, 1980 when he again became disabled from work because of cellulitis in the leg. Two

days after his return on February 11, 1981, he was informed by the superintendent that light duty positions were no longer available and that he would have to be medically cleared for full duty work. It appears that Hughes' physician had found him sufficiently recovered to return to full duty but that two physicians who examined him at the Sheriff's behest came to the opposite conclusion, citing three bases: that the leg injury had not completely healed and could recur upon minimal stress; that Hughes was overweight and that this condition would hamper healing of the leg; and that high doses of diuretics taken in a weight loss program could cause electrolyte imbalance in stress situations. ¶ Faced with these conflicting reports as to Hughes' physical condition, the Sheriff invoked the provisions of section 4 of article XVIII of the collective bargaining agreement between the jail employees' union and the Albany County Sheriff, which states: "In the event the employer has good reason to believe that an employee is no longer physically able to continue in his regular duties, the employer may require a full physical examination by a physician selected by the employer and at the employer's expense. Should a *disagreement* arise between the employer's physician and the employee's physician *over the physical fitness* of an employee to continue in his job duties, then a *third physician, selected by the employer* shall *make the final determination.* The full cost of the services of the third physician shall be born by the employer" (emphasis added). The Sheriff requested that Hughes be examined by Dr. Robert Randles for a final determination as to his physical fitness to continue in his job duties. Dr. Randles reported that although there was no evidence of an open wound or infection in either leg at the time, he was convinced it would take very little trauma to precipitate another episode. The doctor concluded that Hughes' weight problem made him physically incapable of performing the duties of a correction officer, as he understood the duties of that position. Hughes was terminated on June 18, 1981 and on April 21, 1982 his application for ordinary disability retirement was approved by the Policemen's and Firemen's Retirement System, which found him "permanently incapacitated" from the performance of his duties. ¶ Petitioner contested the Sheriff's action through the grievance-arbitration procedure in the collective bargaining agreement, stipulating the issue to be whether the termination violated the contract and, if so, what the remedy shall be. The arbitrator held in favor of petitioner, ordering Hughes reinstated with full back pay and benefits on the ground that Dr. Randles had exceeded his authority under the agreement by going beyond the area of disagreement between the employer's and employee's physicians, i.e., the leg injury, and deciding that Hughes was unfit for duty because of his obesity. Special Term denied petitioner's motion for an order confirming the award, granting instead respondents' cross motion to vacate the award. Special Term held that the arbitrator gave the agreement an irrational interpretation which, in effect, supplied terms and altered its meaning, and was irrational in fashioning the remedy of reinstatement of an employee found physically unable to perform his job duties by overwhelming medical opinion and who had been granted a disability retirement for these reasons. For the reasons hereinafter stated, we affirm the order of Special Term. ¶ Initially, we must examine the contract language defining this arbitrator's role and jurisdiction. Section 5 of article IV entitled "Arbitration", states in pertinent part: "B) * * * The decision of the arbitrator shall be final and binding on both parties. The arbitrator shall have no power to alter, add to or detract from the provisions of the Agreement." While interpretation of a contract clause is within the power of an arbitrator (*Matter of Local Div. 1179* [*Green Bus Lines*], 50 NY2d 1007, 1009), his interpretation may not exceed his specific contractual authority, nor may it be totally irrational (CPLR 7511, subd [b], par 1, cl [iii]; *Central Sq. Teachers Assn. v Board of Educ.,* 52 NY2d

918, 919). In his decision, the arbitrator found: "Article XVIII, Section 4, simply provides for a third physician to settle disagreements between the Employer's physician and the employee's physician as to some specific physical disability of an employee which it is asserted renders him physically unable to continue in his regular duties. It does not permit a physician to make a broad ranging and independent inquiry into the physical abilities of an employee or his overall capacity to perform his job." Special Term correctly determined that this decision not only worked an irrational result, but also improperly altered the meaning of the contract clause. Nowhere in section 4 of article XVIII is the dispute or disagreement between examining physicians limited to any specific injury or condition of an employee. Rather, the plain and unambiguous contractual language provides that any disagreement over "the physical fitness of an employee to continue in his job duties" shall be determined by the third physician. By holding that the third physician is limited to settling only a disagreement between the two physicians as to a specific injury or condition, and that he is not authorized to make determinations on the grievant's over-all physical fitness, the arbitrator was altering the contractual language in a manner tantamount to the making of a new contract, clearly in excess of his power (*Matter of Riverbay Corp.* [*Local 32-E*], 91 AD2d 509; *Matter of Simpson v North Collins Cent. School Dist.,* 56 AD2d 166, 171-172, affd 43 NY2d 976; see, also, *Matter of Civil Serv. Employees Assn. v County of Steuben,* 50 AD2d 421, 425). ¶ We are not unmindful of the severe constraints imposed upon courts to vacate or modify arbitration awards, which have been elevated to virtual inviolacy. The window of vulnerability is indeed narrow. In this case, however, we find that the arbitrator both exceeded his powers, by ignoring the specific limitation upon those powers delegated to him in the arbitration clause, and gave a completely irrational construction to a portion of the parties' agreement, thereby effectively rewriting it (see *Integrated Sales v Maxwell Corp.,* 94 AD2d 221, 225, citing *Lentine v Fundaro,* 29 NY2d 382, 385-386; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7511.11 *et seq.*). ¶ Order affirmed, with costs. Kane, J. P., Weiss and Mikoll, JJ., concur.

Main and Yesawich, Jr., JJ., dissent and vote to reverse in the following memorandum by Main, J. Main, J. (dissenting). We respectfully dissent. The express language of section 4 of article XVIII of the contract does not indicate exactly what the third physician's role is to be and it is logical, because the third physician is called upon only after a disagreement between the first two physicians, that the third physician's area of diagnosis be limited to that which was disputed. Thus, the arbitrator's interpretation of the contractual clause in dispute was not illogical and his award was not beyond any contractual limitation on his power; he merely interpreted the contract and did not alter, add to or detract from any provision thereof (see, e.g., *Matter of Silverman* [*Benmor Coats*], 61 NY2d 299). Because the third physician found grievant's leg to be healed, grievant's dismissal for other reasons was, as the arbitrator found, improper. Likewise, the remedy fashioned by the arbitrator was not irrational and should not be overturned (see, e.g., *North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.,* 45 NY2d 195). Accordingly, Special Term, although its interpretation of the contract was also reasonable, should be reversed and the arbitration award confirmed. We add that our disposition would not preclude respondents, if they remained concerned that grievant's weight prevents him from performing the duties of a correction officer, from initiating a new series of physical examinations pertaining to this aspect of grievant's health as provided for in the contract.