OPINION OF THE COURT
Carol H. Arber, J.
Petitioner Lester Schwab Katz & Dwyer (Lester Schwab) moves pursuant to CPLR 7503 (b) to stay the arbitration commenced by respondent James J. Yukevich before the American Arbitration Association (AAA). Petitioner moves to stay the arbitration of respondent’s claims for punitive damages and attorneys’ fees on the grounds that: (1) a valid agreement to *1005 arbitrate those claims was never made; and (2) it is beyond the power of the arbitrators to award attorneys’ fees and punitive damages. The respondent opposes the motion.
Respondent Yukevich, formerly a partner at the law firm of Lester Schwab, was in charge of its California office. In January 1995, Yukevich withdrew as a partner and opened his own law firm. In October 1995, Yukevich filed a demand for arbitration (Demand) seeking payments of certain partnership proceeds and disbursements which he claims he is owed pursuant to the Lester Schwab partnership agreement. The Demand also seeks attorneys’ fees and punitive damages.
Petitioner argues that the arbitration of Yukevich’s claims for attorneys’ fees and punitive damages should be permanently stayed because there is no valid agreement to arbitrate those claims, and the making of an arbitral award for those claims is barred by New York law.
Pursuant to CPLR 7513 attorneys’ fees may not be recovered in an arbitration proceeding unless they are expressly provided for in the agreement to arbitrate. In New York State, it is equally well settled that the power to award punitive damages is limited to judicial tribunals and may not be exercised by arbitrators. (Garrity v Lyle Stuart, Inc., 40 NY2d 354 [1976].)
Respondent argues that punitive damages and attorneys’ fees are permissible on the basis that: (1) the partnership agreement does not exclude punitive damages or attorneys’ fees and (2) the agreement does not provide that it be governed by New York law. Moreover, respondent contends, as the agreement at issue is between a California partner of a New York law firm, with a national practice, it concerns interstate commerce and thus the Federal Arbitration Act applies to this contract not State law.
The Federal Arbitration Act (9 USC § 1 et seq.) (FAA) expresses a strong national policy of encouraging resort to the arbitration. (Southland Corp. v Keating, 465 US 1 [1984].) In keeping with this proarbitration policy, the FAA does not prohibit an arbitrator from awarding attorneys’ fees or punitive damages. Pursuant to the FAA, when dealing with arbitration disputes where the contract involves interstate commerce, New York courts are constrained to apply Federal and not State arbitration law. (Masthead Mac Drilling Corp. v Fleck, 549 F Supp 854 [SD NY 1982].)
The partnership agreement at issue in this case contains an arbitration provision which provides: "In the event of any *1006 dispute among the parties, or their successors in interest, legal representatives or assigns, where this agreement does not provide for the means of settlement of such dispute, the same shall be settled by arbitration in New York City in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.”
The agreement provides for resolution of all disputes by arbitration. However, the agreement does not limit or specify what type of relief may be sought and it does not contain a choice-of-law provision.
Accordingly, the question for this court to determine is whether the FAA preempts New York law when the agreement to arbitrate contains no express reference to punitive damages or attorneys’ fees and does not contain a New York choice-of-law provision.
In Mastrobuono v Shearson Lehman Hutton (514 US —, 115 S Ct 1212 [1995]), the United States Supreme Court permitted punitive damages in an arbitration award despite the fact that the arbitration agreement contained a New York choice of law clause. In Mastrobuono (supra), although the underlying agreement specified that it was to be governed by the laws of the State of New York, the agreement also contained a broad arbitration clause in which the parties agreed to mandatory arbitration of all disputes. Accordingly, the Supreme Court reasoned that the choice of law provision introduced an ambiguity into a broadly drafted arbitration agreement that would otherwise allow arbitration of all issues including a claim for punitive damages. (514 US, at —, 115 S Ct, at 1218, supra.)
Mastrobuono (supra) is instructive with regard to the facts presented in this case — where the agreement contains no choice of law provision and mandates that all controversies be submitted to arbitration. In a situation such as this, the Supreme Court held that: "there would be nothing in the contract that would possibly constitute evidence of an intent to exclude punitive damages claims. Accordingly, punitive damages would be allowed because, in the absence of contractual intent to the contrary, the FAA would preempt the Garrity rule.” (Supra, at 1217.)
In moving to stay the arbitration of respondent’s claim for punitive damages and attorneys’ fees, petitioners rely on the decision of Justice Jane Solomon of this court in Merrill Lynch, Pierce, Fenner & Smith v Cornell (NYLJ, Feb. 15, 1996, at 28, col 4). In that case Justice Solomon permanently stayed *1007 arbitration of respondent’s claims for punitive damages and attorneys’ fees on the basis that by including a New York choice of law provision in the arbitration agreement, the parties incorporated New York arbitration law which precludes the award of punitive damages and attorneys’ fees.
The Merrill Lynch case (supra) is clearly distinguishable from the case at bar since the Lester Schwab partnership agreement does not provide that it is to be governed by New York law. Accordingly, this court finds that the agreement is governed by the FAA based on: (1) the absence of a choice of law provision and (2) that the partnership agreement comes within the scope of the Commerce Clause, because it applies to partners in the firm’s offices in different States. (Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146 [1995]; see also, Allied-Bruce Terminix Cos. v Dobson, 513 US —, 115 S Ct 834 [1995].)
Based on the foregoing, respondent’s claims for punitive damages and attorneys’ fees are appropriate for adjudication before the AAA and petitioners’ motion is denied in its entirety.