OPINION OF THE COURT
Barry A. Cozier, J.
Petitioners, Advest, Inc. (Advest) and Billings & Co., Inc. (Billings), bring this proceeding pursuant to CPLR article 75 for an order permanently staying the arbitration commenced by respondents before the National Association of Securities Dealers (NASD) on the grounds that: (1) respondents allegedly waived their right to arbitration by commencing and participating in a prior judicial action in Connecticut on the same claims they seek to arbitrate; (2) the claims are barred under applicable Federal and State Statutes of Limitation; and (3) respondents are prevented from arbitrating their claims under the principles of res judicata and collateral estoppel.
Respondents oppose the petition and cross-petition to compel the arbitration. In so doing the respondents assert that: (1) the respondents’ commencement of the prior judicial action in Connecticut did not constitute a waiver of their right to arbitrate; (2) the Federal Arbitration Act (FAA) (9 USC § 1 et seq.) applies; (3) controlling authority requires that the arbitrators and not the courts decide timeliness issues; (4) their arbitration claims are timely; and (5) the petitioners are contractually bound to arbitrate. An order temporarily staying the arbitration was signed by this court on March 15, 1996.
Background
The underlying facts are as follows. Respondents, both residents and nonresidents of the State of Connecticut, were *612 individual investors in Cranmore Ridge Associates, a limited partnership formed to construct, own and operate a housing complex in New Hampshire. Petitioner Advest is a member of the NASD and was the placement agent for the partnership. Petitioner Billings, a Connecticut corporation, is an affiliate of Advest within the meaning of the NASD by-laws and was the investor services agent for the partnership. In October 1991, respondents commenced an action, in the Superior Court of Connecticut (the 1991 action), seeking damages in connection with the sale of interests in the limited partnership. The 1991 action, captioned Watchtel v Realty Dev. Group (No. CV 91-0448113S), was brought against the petitioners, as well as against certain other defendants who are not involved in the instant proceeding. Respondents asserted causes of action for: (1) fraud; (2) breach of fiduciary duty; and (3) negligent misrepresentation in connection with their purchase of their interest in Cranmore Ridge Associates. In an "articulation” dated May 14, 1992, the Connecticut court, inter alia, granted summary judgment in favor of the petitioners on the ground that the claims were barred by Connecticut’s Statute of Limitations.[1] (Wachtel v Realty Dev. Group, 1992 Conn Super LEXIS 1692 [Conn Super Ct, May 14, 1992, Berger, J.].) Respondents did not appeal that judgment.
On or about May 20, 1993, some 20 months after commencing the 1991 action and 12 months after the Superior Court issued its articulation, respondents filed a demand for arbitration against the petitioners with the NASD in New York.[2] The arbitration claims were based on the same transactions that formed the basis of the Connecticut action. However, in addition to asserting State common-law claims that were the subject of the 1991 action, respondents, in their statement of claim and demand for arbitration, asserted additional causes of action never submitted to the Connecticut court, including violations of Federal securities laws, NASD rules and State and Federal racketeering laws.
Subsequent to respondents’ commencement of the arbitration proceeding, petitioners moved in Connecticut Superior Court to enjoin the respondents from proceeding with the NASD arbitration, on the grounds that the respondents had *613 waived their right to arbitration by bringing the original judicial action and that the arbitration was barred by principles of res judicata. On August 19, 1994, the Connecticut Superior Court, in refusing to enjoin any of the respondents from proceeding with the New York arbitration and rejecting petitioners’ application for an injunction, found that: (1) while it could "enforce its orders as to the three [respondents who were] Connecticut residents” it lacked the power to restrain out-of-State residents from pursuing their claims in New York; (2) the respondents were free to assert all their defenses in the New York arbitration; and (3) the fact that New York’s Statute of Limitations may be inconsistent with Connecticut’s Statute of Limitations was not a sufficient basis for the court to interfere with the New York arbitration. (Advest, Inc. v Wachtel, 1994 WL 468439, 1 [Conn Super Ct, Aug. 19, 1994, Kremski, J.].)
Following various applications and motions,[3] petitioners sought a formal appeal before the Supreme Court of the State of Connecticut of the Superior Court’s decision in the 1991 action. In this appeal, petitioners asserted that the New York arbitration should be enjoined on the grounds that it was barred by the principles of res judicata and that as a result of instituting the 1991 action, the respondents had waived their right to arbitration.
By decision dated December 19, 1995, the Supreme Court of Connecticut (Advest, Inc. v Wachtel, 235 Conn 559, 668 A2d 367 [1995]) affirmed the trial court’s determination, finding that the trial court properly exercised its discretion in the matter. Preliminarily, the Supreme Court noted that all of the respondents, resident and nonresident, appeared by counsel to contest this appeal and had not challenged the lower court’s personal or subject matter jurisdiction. (Supra, 235 Conn, at 562, 668 A2d, at 369.)
In affirming the trial court’s ruling, the Supreme Court held that while the trial court did have discretion to issue a perma *614 nent injunction prohibiting residents and nonresidents (who had submitted to the jurisdiction of the Connecticut courts) from prosecuting the New York arbitration, "[t]he difficulty of enforcing” such a judgment against nonresident parties is a valid factor that the trial court could consider. (Advest, Inc. v Wachtel, supra, 235 Conn, at 564, 668 A2d, at 370.) Second, the court held that while "the running of Connecticut’s statute of limitations precludes” the respondents from bringing the same claim in Connecticut, it did not automatically bar their pursuit of such a claim in New York. (Supra, 235 Conn, at 567, 668 A2d, at 371.) In so holding, the court stated "[wjhether the New York forum will apply Connecticut’s statute of limitations will therefore depend upon New York’s choice of law.” (Supra, 235 Conn, at 568, 668 A2d, at 372.) Third, the court held that as waiver is an issue of fact, whether the respondents have waived their rights to arbitration is a determination that should be made in the New York forum within the context of the NASD arbitration rules. (Supra, 235 Conn, at 569-570, 668 A2d, at 372-373.) Further, the court stated that "[i]n order to determine whether a party has been substantially prejudiced, many factors must be considered, not the least of which is whether the claims that the [respondents] seek to assert in arbitration are the same as those asserted in the prior litigation and whether initiation of the arbitration constituted an unjustifiable delay.” (Supra, 235 Conn, at 569, 668 A2d, at 372.)
Subsequently, the petitioners commenced this action to enjoin the NASD arbitration and the respondents cross-petitioned for an order compelling arbitration.
Discussion
The transactions at issue herein involve "commerce”, defined in the FAA (9 USC § 1), as "commerce among the several States”. Here, the respondent investors are residents of various States who purchased shares in a limited partnership whose purpose was to build and operate housing in New Hampshire, while petitioners are members of the NASD with offices in New York and Connecticut. Therefore, the transaction involves interstate commerce and the FAA governs this action. (See, e.g., Masthead Mac Drilling Corp. v Fleck, 549 F Supp 854 [SD NY 1982]; GAF Corp. v Werner, 66 NY2d 97 [1985].)
Under New York law, the respondents, by instituting the 1991 action, would be found to have waived their right to arbitration. (See, Warendorf v M.R. Beal & Co., NYLJ, Sept. *615 15, 1993, at 22, col 4 [Sup Ct, NY County, Crane, J.].) The New York State Court of Appeals has stated that "where [a party’s] participation in the lawsuit manifests an affirmative acceptance of the judicial forum, with whatever advantages it may offer in the particular case, [the party’s] actions are then inconsistent with a later claim that only the arbitral forum is satisfactory”. (De Sapio v Kohlmeyer, 35 NY2d 402, 405 [1974]; see also, Matter of Spirs Trading Co. v Occidental Yarns, 73 AD2d 542 [1st Dept 1979] [party entitled to demand arbitration waives that right by bringing an action involving the same claim].) However, where the FAA applies, "Federal law, as opposed to State arbitration law, governs all questions of interpretation, construction, validity, revocability and enforceability.” (Bridas S. A. Petrolera Indus. y Comercial v International Std. Elec. Corp., 128 Misc 2d 669, 673 [Sup Ct, NY County 1985].)
The issue of waiver is one to be decided by the court, rather than the arbitrator. (See, Weight Watchers of Quebec v Weight Watchers Intl., 398 F Supp 1057, 1059 [ED NY 1975] [where "the issue of waiver turns on the significance of actions taken in a judicial forum, the issue is one for the court, rather than the arbitrator, to decide”].) Any analysis of whether the "right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring arbitration for dispute resolution.” (Rush v Oppenheimer & Co., 779 F2d 885, 887 [2d Cir 1985].)
Federal law provides that a party initiating judicial proceedings does not automatically waive its right to arbitration. As the United States Court of Appeals, Second Circuit, has stated, "[w]aiver * * * is not to be lightly inferred, and mere delay in seeking a stay of the ¡judicial] proceedings without some resultant prejudice to a party * * * cannot carry the day.” (Carcich v Rederi A/B Nordie, 389 F2d 692, 696 [2d Cir 1968].) Consequently, in order for a party to prevail on its assertion that the right to arbitration has been waived, the party seeking such waiver must demonstrate that it would be prejudiced by the prosecution of the arbitration. (Matter of Ank Shipping Co. [Seychelles Natl. Commodity Co.], 596 F Supp 1455 [SD NY 1984]; see also, Masthead Mac Drilling Corp. v Fleck, supra.)
In cases where the voluntary initiation of prior judicial proceedings did not result in a significant expenditure of time, expense or legal resources, courts have held that such initiation did not constitute waiver of the right to arbitrate. (See, Masthead Mac Drilling Corp. v Fleck, supra [no waiver where *616 summons was served, but complaint was never filed]; Mosca v Doctors Assocs., 852 F Supp 152, 155 [ED NY 1993] [as no discovery had taken place and no evidentiary hearings had been held, "nothing ha[d] occurred” to prejudice the defendants].) In contrast, sufficient prejudice to infer waiver has been found where a party engages in discovery procedures not available in arbitration. (See, Zwitserse Maatschappij Van Levensverzekering En Lijfrente v ABN Intl. Capital Mkts. Corp., 996 F2d 1478 [2d Cir 1993]; Liggett & Myers v Bloomfield, 380 F Supp 1044, 1047-1048 [SD NY 1974].)
I.
This court finds that the petitioners have suffered sufficient prejudice to support a finding that the respondents have waived their right to arbitrate those claims which were interposed in the 1991 Connecticut action. To permit respondents to "relitigate” claims originally brought before the Connecticut courts would unfairly prejudice petitioners by forcing them to incur additional expense and unnecessary delay.
While respondents rely on the Connecticut Supreme Court finding that, under Connecticut law, a dismissal on Statute of Limitations grounds is not "on the merits”, both Federal law and New York law provide that such a dismissal is deemed to be on the merits. (See, PRC Harris, Inc. v Boeing Co., 700 F2d 894, 896 [2d Cir 1983], cert denied 464 US 936 [1983]; Smith v Russell Sage Coll., 54 NY2d 185, 190 [1981], rearg denied 55 NY2d 878 [1982].) As prior Federal holdings provide that "[prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to re-litigate the issue by invoking arbitration”, the arbitration of these claims would prejudice the petitioners. (Kramer v Hammond, 943 F2d 176, 179 [2d Cir 1991].) This finding is further supported by respondents 20-month delay (from the commencement of the 1991 action) in demanding arbitration. (See, Weight Watchers of Quebec v Weight Watchers Intl., 398 F Supp 1057, 1059, supra [defendant’s motion for summary judgment and failure to mention or request arbitration for two years is waiver of arbitration].) In light of respondents’ strategic election to proceed in a judicial forum by commencing the 1991 action, to permit such arbitration would "defeat[ ] one of the reasons behind the federal policy favoring arbitration: that disputes be resolved without 'the delay and expense of litigation.’ ” (Com-Tech Assocs. v Computer Assocs. Intl., 938 F2d 1574, 1577 [2d Cir 1991], quoting HR Rep No. 536, 68th Cong, 1st Sess, at 3 [1924].)
*617 II.
Notwithstanding respondents’ waiver of their right to arbitrate those claims which were interposed in the 1991 Connecticut action, the court directs that the parties proceed to arbitrate those additional claims raised for the first time in respondents’ statement of claim and demand for arbitration. Since it is "the presence or absence of prejudice which is determinative of the issue” of waiver of arbitration rights (Carcich v Rederi A/B Nordie, 389 F2d 692, 696, supra), petitioners cannot be said to have suffered sufficient prejudice with respect to claims which were not before the Connecticut courts in the 1991 action.
To the extent that petitioners assert that these claims are barred on Statute of Limitations grounds, under Federal law "it is up to the arbitrators, not the court, to decide the validity of time-bar defenses.” (Shearson Lehman Hutton v Wagoner, 944 F2d 114, 121 [2d Cir 1991].)
Accordingly, it is ordered that the petitioners’ application to permanently stay arbitration is granted with respect to claims previously asserted by the respondents in the Connecticut action and, accordingly, respondents’ application to compel arbitration of those claims is denied; and it is further ordered that the petitioners’ application to permanently stay arbitration is denied with respect to claims not previously asserted by the respondents in the Connecticut action and, accordingly, respondents’ application to compel arbitration of those claims is granted.

. Final judgment in this action was entered on June 25, 1993.

. The respondents acknowledge that they could not seek arbitration against the other individual and corporate defendants of the prior Connecticut action as they were not subject to the jurisdiction of the NASD but could only seek arbitration against Advest and Billings.

. Petitioners moved in Connecticut Superior Court, on September 13, 1994, for an articulation seeking certain relief from the August 19, 1994 decision. As opposed to the prior action in which it sought to enjoin all of the respondents from prosecuting the NASD arbitration, this motion was directed solely against the three respondents who were Connecticut residents. On October 7, 1994 the Superior Court issued a ruling denying the motion for articulation in its entirety.
On October 19, 1994, the petitioners moved for review to the Supreme Court of the State of Connecticut. While the Supreme Court granted the petitioners’ motion to review the decision, following such review it affirmed the lower court’s prior ruling.