■ EIGHTY EIGHT BLEECKER CO., LLC, Respondent, v 88 BLEECKER STREET OWNERS, INC., Appellant. [857 NYS2d 559]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered April 5, 2007, which, upon reargument, granted petitioner's motion to confirm an arbitration award and denied respondent's cross petition to vacate the award, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered October 31, 2006, which, to the extent appealed from, denied respondent's cross petition to vacate the award except to the extent of vacating the arbitrator's exclusion of any amount of real estate taxes from the calculation of petitioner's renewal rent, unanimously dismissed, without costs, as superseded by the appeal from the April 5, 2007 order.

Respondent contends that the arbitrator gave a totally irrational construction to the parties' lease agreement, effectively

rewriting the contract, and thus exceeding her powers (see CPLR 7511 [b] [1] [iii]; *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383 [1960]; *Matter of Riverbay Corp. [Local 32-E, S.E.I.V., AFL-CIO]*, 91 AD2d 509, 510 [1982]). However, "[t]he mere fact that a different construction could have been accorded the provisions concerned and a different conclusion reached does not mean that the arbitrators so misread those provisions as to empower a court to set aside the award" (*National Cash Register*, 8 NY2d at 383). We find that the lease agreement can reasonably be construed as the arbitrator construed it. Thus, since an arbitration award will not be set aside even where the arbitrator "erred in judgment either upon the facts or the law" (*Matter of Goldfinger v Lisker*, 68 NY2d 225, 230 [1986]), any mistake the arbitrator may have made in construing the lease agreement is not a basis for vacating the award.

We have considered respondent's remaining arguments and find them unavailing. Concur—Saxe, J.P., Gonzalez, Nardelli and McGuire, JJ.