In the Matter of PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, v LOCAL UNION No. 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Respondent. [985 NYS2d 46]—

Order and judgment (one paper), Supreme Court, New York County (Cynthia S. Kern, J.), entered December 24, 2012, confirming an arbitration award, unanimously affirmed, without costs.

The parties' memorandum of agreement (MOA) provides: "During the term of the Agreement [June 4, 2002 through June 3, 2006], employees in the covered membership will continue to be eligible to receive employee commutation passes and personal passes as per the current practice," and, in MOA exhibit U setting forth a pass allowance schedule based on length of service, "Retired employees . . . receive the same allowance to which they would be entitled if their Port Authority service was not interrupted."

The arbitrator's conclusion that this language supports the union's position that the Port Authority may not unilaterally eliminate the "E-ZPass" benefit, i.e., free passage at Port Authority bridges and tunnels, for retirees does not "give[ ] a totally irrational construction to the contractual provisions in dispute" and thus does not remake the contract for the parties (*see Matter of Riverbay Corp. [Local 32-E, S.E.I.V., AFL-CIO]*, 91 AD2d 509, 510 [1st Dept 1982]; CPLR 7511 [b] [1] [iii]). Concur—Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.