Matter of Goodwin Law Group P.C. v Zilong Wang (2024 NY Slip Op 02095)

Matter of Goodwin Law Group P.C. v Zilong Wang

2024 NY Slip Op 02095

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 653310/22, 654232/22 Appeal No. 2083 Case No. 2023-02785 

[*1]In the Matter of Goodwin Law Group P.C., et al., Petitioners-Appellants,
v
Zilong Wang et al., Respondents-Respondents.
Zilong Wang et al., Appellants-Respondents,
v
Zhihui Julie Guo et al., Petitioners-Respondents, WBDC Hospitality, LLC, et al., Respondents.

Greenberg Traurig, LLP, New York (Carmen Beauchamp Ciparick of counsel), for appellants.
Zhong Lun New York LLP, New York (Kerry J. Kaltenbach of counsel), for Zilong Wang, Qiumin Cheng and 1 Dupont Circle LLC, respondents.

Order and judgment (one paper) of the Supreme Court, New York County (Arlene P. Bluth, J.), entered May 5, 2023, which denied the petition to vacate or modify the arbitration award dated August 11, 2022, and granted respondents' petition to confirm the same award, unanimously affirmed, without costs.
If the subject matter of the arbitration affects interstate commerce, as here, federal procedural law applies (Masthead Mac Drilling Corp. v Fleck, 549 F Supp 854, 856 [SD NY 1982]; Matter of Flintlock Constr. Servs., LLC v Weiss, 122 AD3d 51, 54 [1st Dept 2014]). In this case, it does not appear that the FAA and the CPLR standards applicable to the judicial review of an arbitration award conflict, as petitioners claim that the award manifestly disregarded the law and was irrational (DiRussa v Dean Witter Reynolds Inc., 121 F3d 818, 821 [2d Cir 1997]; Matter of Spear, Leeds & Kellogg v Bullseye Secs., 291 AD2d 255, 256 [1st Dept 2002]; Matter of Riverbay Corp. [Local 32-E, S.E.I.V., AFL-CIO], 91 AD2d 509, 510 [1st Dept 1982]).
The arbitrator's rationale for an award need not be explained, and the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case" (D.H. Blair & Co., Inc. v Gottdiener, 462 F3d 95, 110 [2d Cir 2006]). Only "a barely colorable justification for the outcome reached" by the arbitrators is necessary to confirm the award (id.). A party seeking to vacate an arbitration award on the basis of manifest disregard of the law must satisfy a two-pronged test, proving that: "(1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case" (id. at 111). Under Delaware or New York law, the managing member of an LLC owes fiduciary duties to the LLC members (see Feeley v NHAOCG, LLC, 62 A3d 649, 660 [Del Ch 2012]; Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]).
Petitioner Guo's formation of petitioner Goodwin, and her subsequent actions to take control of WBDC and Dupont, along with her failure to disclose the rent default and the transfer of management and the pursuit of a new restaurant opportunity to respondents Wang and Cheng, was sufficient to find at least a "colorable justification" for the result of this arbitration (D.H. Blair & Co., Inc. v Gottdiener, 462 F3d at 110). Nor was it irrational for the arbitrator to conclude that Guo and her alter ego Goodwin were liable, yet also conclude that even if Brody was involved with Dupont, he did not convert respondents'' investments. In any event, "courts generally will not look beyond
the lump sum award in an attempt to analyze the reasoning processes of the arbitrators" (Barbier v Shearson Lehman Hutton Inc., 948 F2d 117, 121 [2d Cir 1991]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024