■ In the Matter of ADVEST, INC., et al., Appellants, v ALLEN WACHTEL et al., Respondents. [677 NYS2d 549] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about February 14, 1997, which, to the extent appealed from, denied petitioners a permanent stay of arbitration as to those claims asserted in the arbitration that were not raised in the prior action, unanimously reversed, on the law, without costs, and a permanent stay of arbitration granted to petitioners as to all of respondents' claims.

Respondents, residents of Connecticut and other States, purchased limited partnership interests from petitioners in May, June and July 1987, based on an offering memorandum dated March 9, 1987. The purpose of the venture was to construct and operate a housing complex in New Hampshire. The project failed and Fleet Bank foreclosed.

In October 1991, respondents commenced an action in Connecticut Superior Court against petitioners and others, seeking to recover their investments. Respondents asserted causes of action for fraud, breach of fiduciary duty and negligent misrepresentation. Petitioners, as defendants, moved for summary judgment on Statute of Limitations grounds, and the motion was granted on June 25, 1993. Respondents did not appeal.

One year later, respondents filed for arbitration against petitioners with the National Association of Securities Dealers (NASD), asserting essentially the same claims as in Connecticut action plus new claims based on the Racketeer Influenced and Corrupt Organizations Act, State and Federal securities law, and NASD rules. This arbitration was based on the same real estate transaction as was the Connecticut action.

Petitioners moved in Connecticut Superior Court to stay the arbitration on the ground that respondents had waived their

right to arbitrate by bringing the Connecticut action and that the arbitration was barred by res judicata. The Connecticut Superior Court denied the motion, holding, *inter alia,* that it lacked the power to restrain the out-of-State respondents from arbitrating their claims in New York. The Connecticut Supreme Court affirmed their decision on December 19, 1995. It held that the New York courts should decide whether petitioners had waived their claims and whether the claims were still timely under the New York Statute of Limitations.

Accordingly, petitioners commenced this proceeding in the New York Supreme Court, seeking a permanent stay of arbitration as to all claims. Finding that under the Federal Arbitration Act respondents had not automatically waived their right to arbitrate by bringing an action, the IAS Court granted a stay only as to the claims that had previously been asserted in the Connecticut action, on the grounds that petitioners would be prejudiced if respondents had a second chance to assert those claims. However, it held that petitioners could not be prejudiced by arbitration of new claims that had never been before the Connecticut courts. This issue of res judicata and the Statute of Limitations issues were left to the arbitrator.

Petitioners argue that once the IAS Court found that respondents waived their original claims due to the filing of the Connecticut action, it should have found that they waived all claims arising from the same transaction, regardless of the legal description in the arbitration claim. Alternatively, they maintain that the arbitration should have been stayed on Statute of Limitations, res judicata or collateral estoppel grounds.

The IAS Court should have granted a stay as to all of respondents' claims. The Federal Arbitration Act (9 USC § 1 *et seq.*) requires courts to enforce arbitration agreements in contracts involving interstate commerce. Generally, doubts concerning the scope of arbitration should be determined in favor of arbitration (*Cone Hosp. v Mercury Constr. Corp.*, 460 US 1, 24-25), but the court may decide that the party seeking arbitration has waived his right thereto because of participation in prior litigation (*see, Kramer v Hammond,* 943 F2d 176, 179 [2d Cir]). The rule in the Second Circuit is that a party waives the right to arbitrate when it "engages in protracted litigation that results in prejudice to the opposing party" (*Cotton v Slone*, 4 F3d 176, 179).

In deciding whether the right to arbitration was waived, the court should consider factors such as the time elapsed from the commencement of the litigation to the demand for arbitration; the extent of the litigation so far; and the proof of prejudice to

the party seeking a stay, including economic prejudice caused by delay (*Leadertex, Inc. v Morganton Dyeing & Finishing Corp.*, 67 F3d 20, 25).

By this standard, respondents waived their right to arbitrate. They made the strategic decision to institute the Connecticut action so that they could include parties who were not subject to arbitration, thereby resolving all issues in one forum. Petitioners expended time and resources defending themselves in that action. Respondents did not seek arbitration until the action was concluded by a judgment in their opponents' favor. In effect, respondents seek to relitigate issues that were already decided against them when a final judgment was issued in the Connecticut action, and this should not be allowed.

Contrary to the IAS Court's determination, respondents' waiver encompassed not only the claims that they had actually asserted in the Connecticut Superior Court, but also all other potential claims arising out of the same transaction (*Burka v New York City Tr. Auth.*, 32 F3d 654, 657 [2d Cir]). Notwithstanding the fact that the merits of respondents' new claims were not litigated in Connecticut, petitioners will be prejudiced in several ways if this dispute goes to arbitration even in the truncated form permitted by the IAS Court. First, petitioners will be obliged to reargue the defenses they raised in the Connecticut action, such as the Statute of Limitations. Second, because respondents chose not to bring these new claims in the original form, the delay has impaired petitioners' ability to gather evidence in their defense concerning events that happened over 10 years ago. Having chosen to proceed in a particular forum and to assert only selected theories of liability, respondents should not be free to vitiate the judgment against them by recasting the same factual allegations in different legal language in a new forum. Concur—Rosenberger, J. P., Ellerin, Nardelli, Wallach and Saxe, JJ. [*See,* 171 Misc 2d 610.]