■ BLIMPIE INTERNATIONAL, INC., Respondent, v VINCENT J. D'ELIA et al., Defendants, and ROBERT SANDOW et al., Appellants. [716 NYS2d 384] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 6, 1999, which granted respondent's motion for a stay of the main action pend-

ing arbitration of appellants' counterclaims, unanimously affirmed, without costs.

The court properly applied Federal law in determining whether respondent had waived its right to arbitrate under an agreement governed by the Federal Arbitration Act ([FAA] 9 USC § 1 *et seq.*). When an agreement to arbitrate falls within the scope of the FAA, "[f]ederal law in the terms of the Arbitration Act governs [the] issue [of arbitrability] in either *state* or federal court" (*Moses H. Cone Mem. Hosp. v Mercury Constr. Corp.*, 460 US 1, 24 [emphasis added]; *see also, Southland Corp. v Keating*, 465 US 1, 10-16; *Bridas Sociedad Anonima Petrolera Indus. y Comercial v International Std. Elec. Corp.*, 128 Misc 2d 669, 673, *affd* 117 AD2d 1027).

We agree with the motion court's finding that appellants failed to show any prejudice resulting from respondent's delay in seeking to enforce its right to arbitrate appellants' counterclaims (*see, Leadertex, Inc. v Morganton Dyeing & Finishing Corp.*, 67 F3d 20, 25-26; *Matter of Advest, Inc. v Wachtel*, 253 AD2d 659, 660). Pretrial expense and delay, without more, does not constitute prejudice sufficient to support appellants' claim (*Leadertex, Inc. v Morganton Dyeing & Finishing Corp.*, *supra*, at 26). Respondent had engaged in minimal discovery and had not engaged in motion practice prior to seeking arbitration. All discovery was produced by respondent and no depositions had been taken. Since appellants benefitted from the limited discovery undertaken, they cannot claim prejudice (*see, Sweater Bee by Banff v Manhattan Indus.*, 754 F2d 457, 464, *cert denied* 474 US 819). Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.