OPINION OF THE COURT
Joseph C. Teresi, J.
Petitioner has commenced a special proceeding pursuant to article 75 of the CPLR seeking to stay arbitration before the *714 New York Stock Exchange (hereinafter NYSE), on grounds that respondent First Union Securities, Inc. (hereinafter FUSI) has waived its right to arbitrate before the NYSE by commencing arbitration before the National Association of Securities Dealers (hereinafter NASD), and further that the Uniform Submission Agreement executed by respondent FUSI in the NASD arbitration modified and effectively terminated any contractual agreement to arbitrate before the NYSE.
The corporate parties are competing securities dealers. As members of both the NASD and the NYSE, they have agreed to arbitrate disputes in each forum. An arbitrable dispute arose when a large number of employees of respondent FUSI resigned and began working for the petitioner. FUSI almost immediately commenced arbitration proceedings before NASD claiming that petitioner had improperly raided its employees, causing significant financial loss. Thereafter, a former FUSI employee, who had been terminated by FUSI and was later employed by petitioner, commenced an arbitration proceeding against FUSI before the NYSE alleging wrongful termination and breach of contract. Within the context of such proceeding, FUSI joined petitioner as a third-party respondent and asserted many of the same claims for damages that it had raised in the NASD arbitration proceeding. Petitioner contends that the issues of waiver and modification of the agreement to arbitrate before the NYSE are properly before the court pursuant to CPLR 7503 (b) with respect to whether there is a valid agreement to arbitrate. Respondents contend that the issue is one of procedural arbitrability for the arbitrator to determine, and further that a stay of respondents’ claims would prevent them from interposing a meritorious affirmative defense in the NYSE arbitration.
Respondents have cited the recent United States Supreme Court decision in Howsam v Dean Witter Reynolds (537 US 79 [2002]) as conclusive authority for their position. The decision stated (537 US at 84) “the presumption is that the arbitrator should decide ‘allegation [s] of waiver, delay, or a like defense to arbitrability’ ” (quoting Moses H. Cone Mem. Hosp. v Mercury Constr. Corp., 460 US 1, 24-25 [1983]). However, Howsam involved a determination of whether a period of limitation, imposed by the rules of the arbitrator, should be determined by the courts or by the arbitrator. As such, to the extent that the decision addresses waiver issues, it is dicta.
Moreover, the case quoted, Cone, held that issues of waiver should be decided in favor of arbitrability, not that they must *715 be decided by the arbitrator. Indeed, in many cases decided since Cone, the New York courts have determined whether a party’s conduct constituted a waiver of the right to arbitrate an issue. The Court of Appeals, two years after Cone, stated, “Mike contract rights generally, a right to arbitration may be modified, waived or abandoned (see, Matter of City of Yonkers v Cassidy, 44 NY2d 784, 785; Matter of Zimmerman v Cohen, 236 NY 15, 19). Here, Sherrill urges that Gray lost his right to arbitration by aggressive participation in litigation involving the same claims, and by laches. Since we conclude that Gray by his litigation activity manifested a preference ‘clearly inconsistent with [his] later claim that the parties were obligated to settle their differences by arbitration’ (Matter of Zimmerman v Cohen, 236 NY 15, 19, supra), and thereby elected to litigate rather than arbitrate, we need not reach the question of waiver by laches. The claim being that Gray’s courthouse conduct constituted the election — a claim which involves neither the merits of the dispute nor conditions incidental to conduct of the arbitration — it is entirely appropriate that the court and not the arbitrators should determine this threshold issue (see, Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 8; see also, De Sapio v Kohlmeyer, 35 NY2d 402).” (Sherrill v Grayco Bldrs., 64 NY2d 261, 272 [1985]; see also Singer v Jefferies & Co., 78 NY2d 76 [1991]; Blimpie Intl. v D’Elia, 277 AD2d 69 [2000]; Johanson Resources v La Vallee, 271 AD2d 832, 835 [2000]; Advest Inc. v Wachtel, 253 AD2d 659 [1998].)
The doctrine that commencement of legal proceedings waives the right to arbitrate should also apply to commencement of alternative arbitration proceedings, not the least in order to prevent duplication of proceedings and the likelihood of harassment. In the instant proceeding, the issues will be arbitrated on the merits even if a stay is granted, and as such, the presumption in favor of arbitration set forth in Cone is not even applicable.
Even if it were determined that the issue of waiver should be determined by the arbitrator, it is clear that the issue of the existence of a valid agreement to arbitrate is for the courts to determine. It has been held that the execution of a submission agreement, agreeing that the issues be determined before a particular arbitration forum, constitutes a modification and termination of any prior agreement to submit the issues to a different arbitration forum (Dean Witter Reynolds v Fleury, 138 F3d 1339 [1998]; Vallee v Lachapelle, 725 F Supp 631 [1989]; Bear Stearns & Co., Inc. v N.H. Karol & Assoc., Ltd., 728 F *716 Supp 499 [1989]). Respondent FUSI executed a Uniform Submission Agreement whereby it agreed to submit its claims to arbitration before the NASD. Such agreement effectively terminated any prior agreement to submit the same claims to arbitration before the NYSE. It is therefore determined that there is no valid and effective agreement to arbitrate such identical claims before the NYSE.
The court also finds that there is no basis for. respondents’ claims that they will be prejudiced by not being able to raise the claims as an affirmative defense in the NYSE arbitration. A stay of respondents’ claims against petitioner seeking damages in the NYSE arbitration will not prevent respondents from raising the factual claims as a defense. Accordingly, the petition is hereby granted to the extent that all claims against petitioner raised in the NYSE arbitration captioned Robert Wincowski v First Union Sec. Inc. and Scott Winter v Janney Montgomery Scott, LLC are hereby permanently stayed.