Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered January 13, 2009, awarding plaintiff the principal sum of $37,990.89, unanimously affirmed, without costs. Appeals from orders, same court (Michael D. Stallman, J.), entered April 25, 2008, to the extent it denied the corporate defendant’s *429 motion for summary judgment, and (Lobis, J.), entered on or about December 9, 2008, which granted plaintiff the money judgment after nonjury trial, unanimously dismissed as subsumed in the appeal from the judgment.
Plaintiff sued for the balance due upon its substantial completion of contracted work performed for defendant owners. Summary judgment for the corporate defendant was properly denied because of the triable issue of fact as to why the architect had refused to issue a certificate of substantial compliance. This certification was a condition precedent for completion of the job. Failure to produce the architect as a defense witness, either on the motion for summary judgment or at trial, raised the inference of the corporate defendant’s involvement or influence in the refusal to issue that document, thus frustrating satisfaction of the condition precedent (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 31 [1998]).
As to the question of alternative dispute resolution, the court determined that the contract agreed to by the parties did not contain a provision for arbitration, and in any event, the corporate defendant never demanded such relief, choosing instead to litigate this matter all the way through trial (see Ryan v Kellogg Partners Inst. Servs., 58 AD3d 481 [2009]; Matter of Advest, Inc. v Wachtel, 253 AD2d 659 [1998]).
The trial court’s findings with respect to the amount of recoverable damages were based upon its evaluation of the evidence and assessment of the credibility of the witnesses, and are supported by the record. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.