■ DEEPHAVEN DISTRESSED OPPORTUNITIES TRADINGS, LTD., et al., Respondents, v 3V CAPITAL MASTER FUND LTD. et al., Appellants. 3V CAPITAL MASTER FUND LTD., Third-Party Plaintiff-Appellant, v IMPERIAL CAPITAL, LLC, et al., Third-Party Defendants-Appellants. [935 NYS2d 266]—

Since the certificate of readiness incorrectly stated that discovery proceedings had been completed, the note of issue should have been vacated (*see* 22 NYCRR 202.21 [e]; *Nielsen v New York State Dormitory Auth.*, 84 AD3d 519 [2011]). Although plaintiffs later exchanged a copy of the outstanding statement of claim filed in the arbitration proceeding against third-party defendant Imperial Capital, that did not cure the defect in the note of issue since it was to be expected that the exchange would generate additional discovery requests.

Imperial argues that plaintiffs should be deemed to have waived their right to arbitrate by delaying their request for arbitration for more than three years after the commencement of this action, engaging in substantial litigation in this action, and causing prejudice to Imperial by engaging in discovery without allowing Imperial the same opportunity (*see S & R Co. of Kingston v Latona Trucking, Inc.*, 159 F3d 80, 83 [2d Cir 1998], *cert dismissed* 528 US 1058 [1999]). However, plaintiffs never asserted any claims against Imperial in this action (*see Matter of Advest, Inc. v Wachtel*, 253 AD2d 659, 660 [1998] ["a party waives the right to arbitrate when it engages in protracted litigation that results in prejudice to the opposing party" (internal quotation marks and citation omitted)]). Concur—Mazzarelli, J.P., Andrias, Renwick, Freedman and Manzanet-Daniels, JJ.