| Gjonaj v Restaurant Depot, LLC |
|---|
| 2024 NY Slip Op 33543(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153548/2022 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**   HON. LISA S. HEADLEY | **PART**    **28M** |
| *Justice* | |

-------------------------------------------------------------------------------X

MIMOZA GJONAJ,

                                        Plaintiff,

                        - v -

RESTAURANT DEPOT, LLC, JETRO CASH AND CARRY
ENTERPRISES LLC, JOHN DOE

                                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.**    153548/2022 | |
| **MOTION DATE**    02/22/2024, 03/19/2024 | |
| **MOTION SEQ. NO.**    002 003 | |
| **DECISION + ORDER ON MOTION** | |

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for                     ORDER OF PROTECTION                     .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for                     COMPEL ARBITRATION                     .

Plaintiff, Mimoza Gjonaj ("plaintiff"), commenced this personal injury action, as a result of an alleged accident that occurred on November 23, 2021, 43-40 57th Avenue, Maspeth, New York 11378 ("subject premises). Defendant Restaurant Depot, LLC ("Restaurant Depot"), and Defendant Jetro Cash and Carry Enterprises LLC, ("Jetro")(collectively referred to as "Defendants") own and/or conduct business at the subject premises. *(See, NYSCEF Doc. No. 13).* Plaintiff alleges while on a shopping trip at Jetro's warehouse store with her husband, she was hit by a forklift by an employee of Jetro.  As a result of the impact, plaintiff alleges she sustained injuries to her back and head. (*See, NYSCEF Doc No. 35*).

Before the Court is the plaintiff's motion (sequence number 002) for a protective order denying arbitration of this matter, and to permanently stay the defendants' intent to arbitrate. The defendants also filed a motion (sequence number 3) for an Order to compel arbitration. During the court conference on the motions held on May 30, 2024, the attorneys indicated that although there is no written opposition filed to the defendants' motion to compel arbitration, the plaintiff's arguments in opposition to the motion to compel arbitration are delineated in her motion seeking a protective order. Based on the foregoing papers, and arguments at the court conference, the motions are decided accordingly.

## Plaintiff's Motion for an Order of Protection (Seq. No. 002)

In support of the motion for a protective order, pursuant to *CPLR §3301*, plaintiff argues that she lacks any connection to the defendants' membership agreement, which includes the

**153548/2022   GJONAJ, MIMOZA vs. RESTAURANT DEPOT, LLC ET AL**
**Motion No.  002 003**

**Page 1 of 5**

1 of 5

subject arbitration clause for which she contends should not be enforced. Plaintiff argues that the arbitration agreement should not be enforced because she had not entered into a contractual agreement with the defendants. Plaintiff argues that defendants failed to demonstrate how the arbitration agreement applies to plaintiff given that defendants failed to demonstrate: 1) who is the actual signatory to the arbitration agreement; 2) how plaintiff and the signatory are connected; 3) and whether it would be in the interest of fairness to enforce the arbitration clause. Lastly, plaintiff also argues that the defendants waived their right to demand arbitration because they knowingly and affirmatively participated in this action, and they waited 651 days to demand arbitration. Therefore, plaintiff seeks a protective order denying arbitration of this matter and to permanently stay the defendants' intention to arbitrate, pursuant to *CPLR §7503(b)*. The plaintiff also sets forth similar arguments in opposition to the defendants' motion (seq. no. 003) seeking an Order to compel arbitration.

**Defendant's Motion to Compel Arbitration (Seq. No. 003)**

In support of the motion to compel arbitration, pursuant to *CPLR §7503(a)*, defendants argue that the plaintiff is bound by the arbitration clause pursuant to the membership agreement executed between non-party, Oreski Greek Grill, LLC ("Oreski") and Restaurant Depot for the benefit of Oreski, which is the restaurant owned by plaintiff's husband, Tonin Mbrapshita ("Mr. Mbrapshita"). Defendants argue that at the time of the subject incident, plaintiff was accompanying Mr. Mbrapshita, who was purchasing goods for his restaurant. Defendants contend that at the time of the subject accident, the plaintiff was an authorized person as described in the membership agreement. *(See, NYSCEF Doc No. 40).*

Defendants argue that the arbitration provision in the membership agreement extends to anyone authorized by the business or organization to use the membership. Defendants argue the plaintiff is bound by the arbitration clause, as a non-signatory, because the plaintiff utilized and received benefits deriving from the membership agreement by entering the location as an authorized person under the terms of the membership agreement. Defendants assert that a membership card is required to patronize Jetro. Therefore, defendants argue that plaintiff would not have had access to the defendants' business but for utilizing the membership, which is subject to the binding arbitration provision.

Lastly, defendants argue that they did not waive their right to arbitration, and plaintiff would not be prejudiced if the Court enforced the arbitration provision. Defendants contend they did not delay in seeking arbitration as the "plaintiff was served with the notice of intent to arbitrate as soon as the membership agreement was located." (*See, NYSCEF Doc. No.44, paragraph 26).* In addition, defendants contend there has been minimal discovery completed in this case, no summary judgment motions have been filed, and no preliminary conferences were held. Therefore, the defendants request this Court to issue an Order compelling arbitration.

**Discussion**

Arbitration is the proper form of resolution for the issues being litigated between plaintiffs and defendants where pertinent issues arise out of their contract, which contains an enforceable arbitration agreement. *See, Minogue v. Malhan*, 178 A.D.3d 447,448 (1st Dep't 2019). The mere

**153548/2022   GJONAJ, MIMOZA vs. RESTAURANT DEPOT, LLC ET AL**          **Page 2 of 5**
**Motion No.  002 003**

2 of 5

[* 2]

fact that parties are named, who are not signatories to the arbitration agreement, does not foreclose defendants' right to enforce arbitration. *Id.* "[A] party who is not subject to an arbitration agreement does not defeat the right of another party to the action to obtain a stay of all proceedings. *Id.*

CPLR§3103 pertains to protective orders and states in part, "[t]he court may at any time on its own initiative, or on motion of any party or of any person from whom or about whom discovery is sought, make a protective order denying, limiting, conditioning, or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." See, *CPLR §3103.*

CPLR§7503(b) pertains to the application to stay arbitration and states in part, "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with or that the claim sought to be arbitrated is barred by limitation." See, *CPLR §7503(b).*

CPLR§7502(b) pertains to limitation of time and states "[i]f, at the time that a demand for arbitration was made or a notice of intention to arbitrate was served, the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state, a party may assert the limitation as a bar to the arbitration on an application to the court as provided in section 7503 or subdivision (b) of section 7511. The failure to assert such bar by such application shall not preclude its assertion before the arbitrators, who may, in their sole discretion, apply or not apply the bar. Except as provided in subdivision (b) of section 7511, such exercise of discretion by the arbitrators shall not be subject to review by a court on an application to confirm, vacate or modify the award." See, *CPLR§7502(b).*

Based on the foregoing arguments, the Court finds that the plaintiff has failed to demonstrate that she is not subject to the arbitration agreement as there is no dispute she entered defendants' place of business as an authorized person under the membership agreement. (*See, NYSCEF Doc. No.39).* "[G]iven that the claims are premised upon having rights and benefits under the membership agreement, it follows that they are also subject to its…" arbitration clause. *See, Hernandez v. Opera Owners, Inc.,* No. 2023-04393, 2024 WL 4268600 (1st Dep't 2024). Here, plaintiff was permitted access to the subject premises and utilized the benefits of the membership, with her husband, as an authorized user under the membership agreement for the business, Oreski.

Furthermore, the Court finds that the plaintiff would not be prejudiced given that the parties did not participate in discovery, there were no depositions, and no preliminary conference was had. Similarly, the appellate court held that no prejudice was found when the parties "engaged in minimal discovery and had not engaged in motion practice prior to seeking arbitration. *"Blimpie Int'l, Inc. v. D'Elia,* 277 A.D.2d 69 (1st Dep't 2000). Therefore, the plaintiff's motion pursuant to *CPLR§3103,* for a protective order denying arbitration of this matter is denied. In addition, the portion of the plaintiff's motion, pursuant to *CPLR§7503(b),* to permanently stay defendants' intent to arbitrate is denied.

**153548/2022   GJONAJ, MIMOZA vs. RESTAURANT DEPOT, LLC ET AL**
**Motion No.  002 003**

**Page 3 of 5**

3 of 5

Consequently, this Court finds that the defendant's motion to compel arbitration is granted. *CPLR§7503(a)* pertains to an application to compel arbitration and states:

"[a] party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. Where there is no substantial question whether a valid agreement was made or complied with, and the claim sought to be arbitrated is not barred by limitation under subdivision (b) of section 7502, the court shall direct the parties to arbitrate. Where any such question is raised, it shall be tried forthwith in said court. If an issue claimed to be arbitrable is involved in an action pending in a court having jurisdiction to hear a motion to compel arbitration, the application shall be made by motion in that action. If the application is granted, the order shall operate to stay a pending or subsequent action, or so much of it as is referrable to arbitration."

*CPLR§7503(a)*.

Here, the Court finds the membership agreement between the entity, Oreski and the defendants include an enforceable arbitration agreement that applies to plaintiff as an authorized user under the membership. "[I]f a party signs or otherwise assents to an agreement with an arbitration provision, they will be bound by it even if they did not read it." *See, Wu v. Uber Techs., Inc.,* 78 Misc. 3d 551 (N.Y. Sup. Ct. 2022), aff'd, 219 A.D.3d 1208 (1st Dep't 2023). The plaintiff's husband was a signatory to the agreement on behalf of Oreski, and the signatory agreed to membership agreement, which contains "an arbitration clause and waiver of class actions and collective relief in which you and we agree that all disputes between us will be resolved on an individual basis through arbitration." (*See NYSCEF Doc. No. 39, page 6)*. Plaintiff is also bound by the arbitration clause contained in the membership agreement as a non-signatory because plaintiff directly benefitted from the membership agreement.

Here, when plaintiff entered Defendants' facility as an authorized agent through her Oreski's agreement with defendants, plaintiff assented to the membership agreement terms, and thus is bound by defendants' arbitration provision. The fact that plaintiff is a non-signatory to the arbitration agreement holds no merit because plaintiff acted, under the terms of the membership agreement, as an agent of her husband when she entered Defendants' facility by use of a membership card. *Id.* The agreement extends also to the plaintiff when she entered the defendants' business, Jetro, for the purpose of purchasing goods for her husband's restaurant, Oreski, as the entry and use of the defendants' business is a membership-only. Therefore, the plaintiff would not have been permitted onto the premises but for the membership agreement between the defendants' business and Oreski.

The Court also finds that the defendants' participation in the action does not constitute a waiver of their right to seek arbitration. As stated herein, the Court finds that the plaintiff would not be prejudiced if this matter was sent to arbitration given the relatively minimal participation in the litigation. *See also, First Commerce, LLC v. St. Mark's Property Acquisition LLC*, 227 A.D.3d 567 (1st Dep't 2024).

Accordingly, it is hereby

**ORDERED** that Plaintiff Mimoza Gjonaj's motion for an Order, pursuant to *CPLR§3103,* for a protective order denying arbitration of this matter, and for an Order, pursuant to

**153548/2022   GJONAJ, MIMOZA vs. RESTAURANT DEPOT, LLC ET AL**
**Motion No.  002 003**

Page 4 of 5

4 of 5

*CPLR§7503(b),* permanently staying defendants' Intent to arbitrate is DENIED (motion seq. no. 002), and it is further

**ORDERED** that Defendants, Restaurant Depot, LLC, and Jetro Cash & Carry Enterprises, motion to compel arbitration, pursuant to *CPLR§7503(a)*, is GRANTED (motion seq. no. 003), and it is further

**ORDERED** that within 30 days of entry, the plaintiff shall serve a copy of this Decision/Order upon the defendants with notice of entry; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **10/7/2024** | |
| **DATE** | **LISA S. HEADLEY, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER | |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**153548/2022   GJONAJ, MIMOZA vs. RESTAURANT DEPOT, LLC ET AL**
**Motion No.  002 003**

Page 5 of 5

5 of 5